**FILED**
**Jun 09, 2022**
**01:06 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **RODNEY EASON,** | ) | **Docket No. 2021-08-0862** |
| **Employee,** | ) | |
| **v.** | ) | |
| **NUCOR STEEL MEMPHIS, INC.,** | ) | **State File No. 117615-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **ARCH INSURANCE CO.,** | ) | **Judge Deana C. Seymour** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an Expedited Hearing on May 18, 2022. Mr. Eason sought medical and temporary disability benefits for a back injury. Nucor argued his claim was barred by his failure to give proper notice and that he did not sustain a work injury. For the reasons below, the Court holds Mr. Eason is likely to prove at trial that he gave proper notice, suffered a back injury at work, and is entitled to the requested benefits.

### History of Claim

Mr. Eason claimed he injured his back on October 30, 2020, while cutting samples from steel bars for Nucor. He "felt something" in his back when he picked up the first bar but did not think much of it. When he tried to pick up the second bar, he felt severe pain in his back, which brought tears to his eyes. He could not move the second bar.

When Mr. Eason's co-worker, Rosalind Turner, came to help, she noticed his distress and called Ron Norman, an emergency response employee. Mr. Norman testified that Mr. Eason was crying in pain when he arrived and told him that he did not know if he had twisted his back or had kidney problems. Mr. Norman called the occupational health nurse, Martha Herron, who told him to bring Mr. Eason to the onsite clinic.

Ms. Herron testified by deposition that when Mr. Eason arrived, he said, "Hey, my back's hurting." He told her that he did not know why but suspected a kidney infection.

1

Since Ms. Herron only handles work injuries, she took Mr. Eason to the Nucor Clinic on the other side of the office, which provides general care for non-work-related medical conditions.

There, an on-site doctor noted Mr. Eason's back pain and suspected a kidney problem. However, a urinalysis proved negative for infection. Mr. Eason was scheduled to work again on November 4.

On that day, Mr. Eason reported to Ms. Herron with continued back pain. She noted "no on the job injury," took him off work, and sent him to Nucor Clinic. A nurse practitioner at the clinic recorded worsening lower back pain and ordered a kidney ultrasound, which was negative.

When Mr. Eason told his supervisor, Jessica Williams, that he could not work because of his back injury, she contacted Ms. Herron about Nucor's attendance policy. Ms. Herron explained that Mr. Eason did not report a back injury and that he needed to come in.

Ms. Williams also told her supervisor, Stephen Gage, that Mr. Eason thought he hurt his back at work.[1] Mr. Eason took Ms. Williams to the lab to show her where he was cutting samples from the steel bars when the back pain struck. She spoke with Mr. Eason's co-workers, Ms. Turner, Mr. Norman, and Austin Yelvington. Although they were vague on details, each knew Mr. Eason experienced pain in his back, which prevented him from working. He never gave specific details nor did the co-workers have a clear understanding of what caused Mr. Eason's sudden severe back pain.

Mr. Gage testified that he first learned of Mr. Eason's back claim on November 11. He spoke with Mr. Eason, who did not complain to him of a work injury. Mr. Gage also spoke with Mr. Eason's co-workers and with Ms. Herron.

Nucor did not provide Mr. Eason a panel doctor. So, he sought relief from his primary care physician, Dr. Todd Motley. Dr. Motley diagnosed a left low-back strain that "apparently occurred while he was at work." He injected Mr. Eason's left low back muscle and advised him to return in two weeks.

Mr. Eason tried but was unable to return to work because of back and foot pain. Ms. Herron did not recommend returning Mr. Eason to work. She stated "my medical nursing opinion at this point. TM is still having deficiencies keeping him from tolerating a full work day from his feet."[2] Ms. Herron told Mr. Eason to see his primary care physician for

---

[1] Mr. Gates testified that he does not remember speaking with Ms. Williams on November 4.

[2] The foot problem Ms. Herron referred to a non-work-related left foot condition, for which he was treated with complex surgery and physical therapy. Mr. Eason was on family medical leave for the foot injury until September 23, 2020.

a work release.

As instructed, Mr. Eason returned to Dr. Motley with continued back complaints on November 16. Dr. Motley kept Mr. Eason off work, ordered a lumbar MRI, and referred Mr. Eason for a neurological consult. He called Ms. Herron, who told Dr. Motley that Mr. Eason did not have a work injury.

On December 14, Ms. Herron filed a First Report of Work Injury, noting that Nucor first received notice of a back injury claim on November 4. She described the injury: "Pulling samples. EE claims that while he was pulling samples, claims he sustained back pain he later claimed as work related on 11/04/2020. EE sought medical tx. Strain or injury by pushing or pulling."

After much delay, the MRI was carried out. Mr. Eason met with neurosurgeon Dr. Samuel Polk on December 17 to discuss the results, which showed a left-sided paracentral disc herniation at L4-5 affecting the L5 root. Dr. Polk recommended Mr. Eason continue off work while they "switch his care to a worker's compensation coverage, if he chooses." In the meantime, "we will move swiftly to see if we can get his pain better controlled."

Mr. Eason last saw Dr. Polk on January 18, 2021, with limited pain relief from conservative treatment. He was unable to afford continued treatment because his private insurance lapsed when Nucor terminated him because he could not physically return to work.

On August 6, Nucor denied Mr. Eason's claim, stating "employee originally denied a work-related injury and the accident was never reported." Mr. Eason filed a Petition for Benefit Determination on August 30.

Nucor then gave Mr. Eason a panel of physicians on December 13, from which he chose neurosurgeon Dr. Fereidoon Parsioon. Dr. Parsioon examined Mr. Eason and reviewed his medical records, including pre-injury records concerning his prior foot surgery. He testified by deposition, "[I]t is my opinion with a reasonable degree of medical probability that his ruptured disc at the L4-5 level on the left is related to his on-the-job injury of October 2020." Dr. Parsioon recommended surgery. He confirmed in his deposition that he continued to keep Mr. Eason off work.

Dr. Parsioon also explained that he considered medical history, credibility, and the description of the work incident when determining causation. He testified that before the work injury, Mr. Eason described muscular back pain rather than more severe pain into his left leg due to compression from a herniated disc. Further, Mr. Eason returned to work from his foot injury and was moving steel bars when he felt pain that prevented him from returning to work, which led to his termination.

3

As to credibility, Dr. Parsioon volunteered,

> I found the man to be honest. And I guess after 29 years of doing this I have a pretty good sense of knowing who is, he didn't ask for any narcotics and he had an issue in the family that made him really concentrate on kidney issues from the beginning . . . And the flank pain and left-sided back pain that he was complaining of in the beginning could have given people the impression, or him the impression it was coming from the kidneys, which we know it wasn't.

Dr. Parsioon stood by his opinions during questions about Mr. Eason's initial denial of a work injury and his lack of clarity in describing it.

## Findings of Fact and Conclusions of Law

Mr. Eason must present sufficient evidence he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The threshold issue is whether Mr. Eason gave timely notice of his injuries. Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the accident or that "reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal." In addition, section 50-6-201(a)(3) states that "[n]o defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice."

When the employer raises lack of notice as a defense, the burden is on the employee to show either the employer had actual notice, that he provided notice, or that his failure to give notice was reasonable under the circumstances. *Hosford v. Red Rover Preschool*, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Oct. 2, 2014). Our Appeals Board explained the notice requirement "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Id*. Guided by this authority, the Court must determine whether Mr. Eason met his burden of proof.

The Court finds Nucor had actual notice of Mr. Eason's back claim as early as November 4, 2020, when he told his supervisor, Ms. Williams, that he could not work because of his back injury. Ms. Williams then notified Ms. Herron and Mr. Gage, and an investigation ensued.

Rather than provide Mr. Eason a panel of physicians, Ms. Herron told him to see his primary care physician, Dr. Motley. After that appointment, Dr. Motley advised Ms. Herron that he had taken Mr. Eason off work, ordered a lumbar MRI, and referred Mr. Eason for a neurological consult for his claimed back injury.

Although Mr. Eason was initially unsure what caused the pain in his back on October 30, 2020, he discussed his claim with his supervisor, sought treatment through Nucor's occupational nurse and its medical clinic, and kept Nucor advised of his treatment.

Further, Nucor presented no evidence of any actual prejudice to defend this claim. Prejudice may be found if the employer is denied the opportunity to make an investigation while the facts are accessible or to provide timely and proper treatment for the injured employee. *Masters v. Indus. Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980). Although Nucor generally claimed Mr. Eason's failure to give notice of a specific work injury barred his claim, the lack of an initial description and diagnosis for his sudden back pain while performing his job did not prejudice Nucor's ability to investigate his claim. *See also Hannah v. Senior Citizens Home Assistance Serv., Inc.,* 2022 TN Wrk. Comp. App. Bd. LEXIS 15, at *16-17 (Mar. 28, 2022) (Trial court correctly found employer showed no actual prejudice as a result of delayed notice, where the employer offered no evidence of the asserted prejudice.)

Therefore, the Court holds that Mr. Eason is likely to prevail at a hearing on the merits on the issue of notice. This holding, however, does not end the inquiry.

Next, to prove a compensable injury, Mr. Eason must show that his alleged injury arose primarily out of and in the course and scope of his employment. To do so, he must prove a work-related incident identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A). Further, he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." A "reasonable degree of medical certainty" means that, in the treating physician's opinion, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(C)-(D).

Considering the Workers' Compensation Law and the evidence presented, the Court finds Mr. Eason's testimony credible, which was supported by his supervisor, co-workers, medical records, and Dr. Parsioon's deposition. The evidence proved he experienced severe back pain at work for Nucor on October 30, 2020.

The Court discredits Nucor's assertion that Mr. Eason was not credible, based on discrepancies in his testimony as to the specific weight of the steel bars, his initial uncertainty concerning the cause of the back pain, and his effort to obtain medical treatment. Mr. Eason testified he was initially unsure whether the severe back pain he experienced came from his kidney or from twisting wrong while working with the steel

bars. He was also consistent in his testimony that his co-workers helped him to Nucor's occupational nurse and its onsite clinic. Mr. Eason was consistent in his testimony that when Nucor's clinic ruled out a kidney problem and denied further treatment, he had to resort to his primary care physician for help. Further, he has been unable to work since this injury. Thus, the Court holds he is likely to show a specific incident, identifiable by time and place, at trial.

The question then is whether Mr. Eason is likely to prove that the work incident caused his disc herniation and need for treatment. The Court finds he did.

Neurosurgeon Dr. Parsioon provided the only medical opinion on causation.[3] He testified Mr. Eason's disc herniation was primarily caused by his October 2020 work injury and that the recommended surgery was medically necessary for the treatment of his work injury. As the panel-selected physician, Dr. Parsioon's causation opinion is afforded a rebuttable presumption of correctness. Tenn. Code Ann. § 50-6-102(14)(E).

Rather than introducing a competing medical opinion to attempt to rebut this presumption, Nucor relied on its cross-examination of Dr. Parsioon concerning the alleged discrepancies in information on which he relied to formulate his opinion. Dr. Parsioon supported his opinion, noting that Mr. Eason was credible and honest.

In summary, the Court finds Nucor introduced no compelling evidence to support exclusion of Dr. Parsioon's opinions or sufficient expert medical testimony to rebut the presumption of correctness afforded his causation opinion. "Parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16 (Feb. 14, 2018). Thus, Mr. Eason is likely to prevail at a hearing on the merits regarding his entitlement to medical benefits.

The Court next addresses Mr. Eason's claim for temporary disability benefits. To qualify for temporary total disability benefits, Mr. Eason must show: (1) he was disabled from working due to a work injury; (2) a causal connection exists between the injury and his inability to work; and (3) the duration of the period of disability. *Simpson v Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978).

In this case, all of Mr. Eason's physicians and Nucor's occupational health nurse restricted him from work after November 4, 2020. In his May 11, 2022 deposition, Dr. Parsioon testified that he continued to keep Mr. Eason off work due to his work injury. Thus. the Court concludes that Mr. Eason is entitled to temporary total disability benefits from November 5, 2020, to May 11, 2022 (79 weeks at the stipulated compensation rate of $674.86, yielding $53,313.94).

---

[3] Dr. Polk was asked for his causation opinion. Since Mr. Eason discontinued treatment with him because he had no insurance coverage, Dr. Polk was unable to give an opinion.

Finally, counsel for Mr. Eason requests a twenty-percent attorney fee paid from the temporary total disability award, or $10,662.79. The Court shall consider this request upon counsel's application for approval of the proposed fee per Tennessee Code Annotated section 50-6-226(a)(2)(C).

**IT IS ORDERED** as follows:

1. Nucor shall provide Mr. Eason with medical treatment for his work injuries under Tennessee Code Annotated section 50-6-204. Dr. Fereidoon Parsioon is the authorized treating physician.

2. Nucor shall pay Mr. Eason temporary disability benefits of $53,313.94, to be paid in a lump sum for November 5, 2020, to May 11, 2022.

3. Counsel for Mr. Eason may submit application for approval of attorney fees per Tennessee Code Annotated section 50-6-226(a)(2)(C).

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

5. This matter is set for a Status Hearing on **August 8, 2022, at 8:30 a.m. central time**. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call might result in a determination of the issues without your participation.

**ENTERED June 9, 2022.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

# APPENDIX

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing, along with Rule 72 Declaration of Rodney Eason
4. Employer's Motion to Allow Late Filing of the Transcript of the Evidentiary Deposition of Dr. Fereidoon Parsioon or Alternative Motion for Brief Continuance of Expedited Hearing Set for May 18, 2022
5. Employee's Response to Employer's Motion for Brief Continuance of Expedited Hearing Set for May 18, 2022
6. Employee's Motion to Amend Petition for Benefit Determination
7. Order on Employer's Motions
8. Employer's Statement Detailing Why Relief Should Not be Granted
9. Employee's Expedited Hearing Brief
10. Order Granting Employee's Motion to Amend Petition for Benefit Determination

Exhibits
1. Joint Submission of Medical Records for Use at Trial with Index and Table of Contents
2. Deposition Transcript of Martha Herron, R.N.
3. Deposition Transcript of Dr. Fereidoon Parsioon
4. First Report of Work Injury
5. Wage Statement
6. C42 Choice of Physician form
7. Deposition Transcript of Rodney Eason (for ID only)
8. Rosalind Turner's sketch of lab

# CERTIFICATE OF SERVICE

I certify that a copy was sent as indicated on June 9, 2022.

| Name | Certified Mail | U.S. Mail | Via Email | Service sent to: |
|------|----------------|-----------|-----------|------------------|
| Monica Rejaei, Employee's Attorney | | | X | mrejaei@nstlaw.com |
| S. Newton Anderson, Employer's Attorney | | | X | nanderson@spicerfirm.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*